## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PURVI, LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **NATIONAL FIRE & MARINE** | **NO.  19-4250** |
| **INSURANCE COMPANY,** | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Purvi, LLC filed this lawsuit alleging that Defendant National Fire & Marine Insurance Company has failed to comply with the terms of a settlement agreement resolving Plaintiff's claims against Defendant in a separate insurance action.  *Purvi LLC v. National Fire & Marine Ins. Co.,* Civ. A. No. 18-0822.

Plaintiff's business was damaged by fire in May 2017.  Shortly thereafter, Plaintiff notified its insurer, National, about the loss.  Plaintiff alleges that National improperly denied payment of benefits.  Then, on January 24, 2018, Plaintiff sued National for payment.  Plaintiff alleges the parties reached a settlement agreement on May 11, 2019.  On May 13, 2019, its lawyer sent a letter to the Court stating that the "parties have amicably resolved this matter and an appropriate order may be entered on the docket."  The next day, the Court dismissed the action with prejudice.

Apparently, the terms of the settlement agreement had not been committed to paper. Here, Purvi claims that the agreement required National to pay it $237,000.  However, shortly after dismissal of the underlying action, National transmitted a written release of claims to Plaintiff which contained a clause listing Plaintiff's mortgagee as a payee on the settlement check, *i.e.*, as a recipient of the $237,000.  Plaintiff objected to the inclusion of this clause.

National, however, maintained that the terms of Plaintiff's policy required inclusion of the

mortgagee as a payee. Because of this disagreement, the parties are once again at odds, with

Plaintiff insisting on a settlement check not naming the mortgagee and Defendant refusing to

issue the settlement check without naming the mortgagee.

In an effort to resolve this impasse, Plaintiff filed in the Philadelphia Court of Common

Pleas, the current lawsuit against National. National then removed it to federal court – which is

how it ended up back before this Judge. Plaintiff asserts breach of contract (Count I) and breach

of good faith and fair dealing (Count II) claims in connection with National's alleged failure to

comply with the settlement agreement, *i.e.*, for its refusal to issue a settlement check exclusively

in Plaintiff's name.

Defendant now moves to dismiss Count II of the Complaint—the breach of good faith

and fair dealing claim—for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). Plaintiff opposes the motion, and, in the alternative, seeks leave to once again amend

its Complaint.[1]

"On a motion to dismiss under Rule 12(b)(6), a complaint must have sufficient factual

matter, taken as true, to state a claim to relief that is plausible on its face. A claim is facially

plausible if the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Bing v. Iron Mountain Secure

Shredding, Inc.*, 2018 WL 466456, at *1 (E.D. Pa. Jan. 18, 2018) (internal quotations and

citations omitted). Though a court at the motion to dismiss stage must construe the facts in the

light most favorable to the plaintiff, it is not required to accept mere conclusory statements. *See

Ashcroft v. Iqbal*, 556 U.S. 662, 678-9, (2009).

---

[1] It already amended as of right shortly after the matter was removed from Common Pleas Court.

Pennsylvania does not recognize common law claims for breach of good faith and fair dealing sounding in tort but it does recognize such claims sounding in contract. *See Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp.2d 404, 408–09 (W.D. Pa. 2011). Specifically,

> [i]n Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract. As such . . . a plaintiff may bring a cause of action for breach of the contractual duty of good faith and fair dealing in the insurance context, permitting an insured to recover compensatory damages for an insurer's failure to act in good faith.

*Id.* However, where a plaintiff alleges both breach of contract and breach of good faith and fair dealing, the "claim for breach of the implied covenant of good faith and fair dealing is subsumed in [the] breach of contract claim." *Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016) (dismissing plaintiff's breach of good faith and fair dealing claim where plaintiff pleaded both breach of contract and breach of good faith and fair dealing and explaining that "arguments concerning bad faith should be addressed in connection with his surviving breach of contract claim"). Such subsuming occurs when "the actions forming the basis of the breach of contract claim are essentially the same as the actions forming the basis of the bad faith claim." *See McHale v. NuEnergy Grp.*, 2002 WL 321797, at *8 (E.D. Pa. Feb. 27, 2002). "In other words, [a Plaintiff] cannot maintain a bad faith claim separate and distinct from a breach of contract claim. Rather, a claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself." *Davis*, 824 F.3d at 352.

Plaintiffs in the insurance context do also have the option of asserting breach of good faith and fair dealing claims pursuant to Pennsylvania's bad faith insurance statute, 42 Pa. C.S.A. § 8371, however. "'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005)

(quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa. Super. 108, 124 (1994)). "[T]o prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l Ins. Co.*, 642 Pa. 153, 175-76 (2017).

In this case, Defendant primarily argues that Count II must be dismissed because that claim "is duplicative of, and subsumed in" Count I. Defendant also characterizes Count II as a tort claim and notes that Pennsylvania does not recognize a cause of action for breach of good faith and fair dealing sounding in tort. Finally, Defendant argues that to the extent that Count II asserts insurance bad faith under Section 8371, Plaintiff's claim fails because it does not arise "under an insurance policy." In response, Plaintiff maintains that Counts I and II are and should remain separate claims because while Count I "arises out of Defendant's breach of the parties' settlement agreement[,] Plaintiff's bad faith claim arises out of Defendant's refusal to make payment of the settlement amount to Plaintiff within sixty (60) days as required by the Policy."

Plaintiff's argument fails whether Count II is construed as a tort claim, a contract claim, or a statutory claim for insurance bad faith. As stated *supra*, Pennsylvania does not recognize a cause of action for breach of good faith and fair dealing sounding in tort. *D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 494 Pa. 501 (1981). And, courts within the Third Circuit have been clear that a Plaintiff may not maintain both a breach of contract and a breach of good faith and fair dealing claim where the claims arise under the same contract and from the same actions. *See McHale v. NuEnergy Grp.*, 2002 WL 321797, at *8 (E.D. Pa. Feb. 27, 2002); *Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016). Here, both of Plaintiff's claims arise out of

National's refusal to issue a settlement check listing Plaintiff as the sole payee. Therefore, as in *Davis*, Plaintiff's breach of good faith and fair dealing claim is "subsumed" in its breach of contract claim "and [its] arguments concerning bad faith should be addressed in connection with [its] surviving breach of contract claim." *Id.*

Because Plaintiff's claim cannot survive as either a tort claim, or as an independent breach of good faith and fair dealing claim sounding in contract, Plaintiff's only remaining option would be under Section 8371. However, the facts alleged in the Amended Complaint do not support such a claim. The Amended Complaint states that "Plaintiff seeks this Court's enforcement of the terms of the settlement agreement," and no mention is made of enforcing the policy. Critically, while Plaintiff does claim that National "refus[ed] to make payment of a settlement amount within 60 days as required by the policy of insurance," it is clear from Plaintiff's own recitation of the facts that what Plaintiff means by "refus[al] to make payment" amounts to Plaintiff's refusal to accept a settlement check naming the mortgagee as a payee, rather than a denial of benefits under the policy. Though "Courts have extended the concept of 'bad faith' beyond an insured's denial of a claim in several limited areas," *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (collecting cases), "the essence of a bad faith claim must be the unreasonable and intentional (or reckless) *denial of benefits*," *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 506 (3d Cir. 2004) (emphasis added). As such, Section 8371 "do[es] not apply to [mere] disputes over contract terms." *Id.* (*quoting Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, 1999 WL 124389, at *2-3 (E.D. Pa. Feb.5, 1999). Tellingly, Plaintiff identifies no case in which a Pennsylvania court or a court interpreting Pennsylvania law has found that Section 8371 encompasses the type of settlement dispute at issue here. Count II of Plaintiff's Amended Complaint is therefore dismissed for failure to state a claim. Plaintiff's

request for leave to file a Second Amended Complaint will also be denied because, for the

reasons set forth above, any amendment would be futile.  *See Alvin v. Suzuki*, 227 F.3d 107, 121

(3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to

dismiss for failure to state a claim upon which relief could be granted.").


**November 18, 2019**                                        **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**